IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **STEPHANIE WITHROW, KATHERINE YOUNTS** and **CONNIE MEADORS**, each individually and on behalf of all others similarly situated | **PLAINTIFFS** |
| V. CASE NO. 5:19-CV-05220 | |
| **TEXARKANA BEHAVIORAL ASSOCIATES, L.C.,** and **ACADIA HEALTHCARE COMPANY, INC.** | **DEFENDANTS** |

## OPINION AND ORDER

The parties in this case have filed a Joint Motion for Approval of Settlement Agreement and to Dismiss (Doc. 46). The proposed settlement of all claims would split $5,125.94 among the twenty-seven Plaintiffs and provide Plaintiffs' attorneys with a fee of $20,000. For the reasons below, the Court **GRANTS** the Joint Motion for Approval of Settlement Agreement and to Dismiss (Doc. 46).

This action was initiated by Stephanie Withrow, Katherine Younts, and Connie Meadors, each of whom were nurses for Defendants Texarkana Behavioral Associates, L.C., and Acadia Healthcare Company, Inc. (collectively, "Defendants"). These Plaintiffs alleged, on behalf of themselves and others similarly situated, that they were employees covered by the Fair Labor Standards Act ("FLSA") and that Defendants failed to pay them a proper overtime premium for the hours they worked in excess of forty hours in a week.[1] The Court conditionally certified an FLSA class, *see* Doc. 24, and twenty-four other individuals opted into the collective action. Now, a little over a year after the case

---

[1] Plaintiffs also brought individual claims for overtime violations under the Arkansas Minimum Wage Act ("AMWA").

1

commenced, the parties have filed their Joint Motion for Approval of Settlement Agreement and to Dismiss.

Before a court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (citations omitted). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the court determines that there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such a determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id*. (citing *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute exists in this case. The parties disagreed as to whether certain bonuses provided to Plaintiffs were discretionary bonuses or if those bonuses constituted regular wages that should have been considered when calculating overtime premiums. Thus, the parties fundamentally disagreed on the question of whether Plaintiffs were paid the correct amount of overtime wages. The parties also disagreed on whether Defendants were "joint employers" under the FLSA and the AMWA.

2

The Court is also satisfied that the settlement is fair and reasonable. Both sides were represented by counsel. Further, each Plaintiff is receiving "the full, uncompromised amount of their calculated overtime owed, including an equal amount as liquidated damages." (Doc. 46, p. 4). Plaintiffs with less than $50 in calculated damages receive a minimum payment of $100. *Id.* Furthermore, the parties represent that they exchanged time and payroll records and reached a settlement based the merits of the claims and defenses and the costs associated with continuing this litigation. Based upon these representations, the Court is persuaded that the settlement agreement is the result of an arm's length negotiation. Moreover, the proposed settlement amounts represent a reasonable recovery for each Plaintiff after balancing the expense and uncertainty of proceeding with this action against each Plaintiff's estimated damages.

The Court next turns to the question of Plaintiffs' requested attorneys' fees. When a judgment is awarded to a plaintiff in an FLSA action, the defendant is also liable for the plaintiff's reasonable attorneys' fees and litigation costs. *See* 29 U.S.C. § 216(b). Here, Plaintiffs request $20,000 in attorneys' fees. Defendants do not oppose the request. At face value, the requested attorneys' fees appear unreasonable: Plaintiffs' pleadings are formulaic, Plaintiffs' counsel appeared only once in person (at the Rule 16 case management hearing), and there were no contested motions. Indeed, of the twenty-seven Plaintiffs, sixteen are only receiving $100, which means only eleven Plaintiffs had actual damages exceeding $50. Still, in *Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019), the Eighth Circuit held that district courts have no authority under the FLSA to review settled attorneys' fees so long as the parties negotiated those fees separately from settlement of the merits. The parties do indeed represent that they

finalized settlement of the merits before discussing attorneys' fees and that there was no simultaneous negotiation of damages and attorneys' fees.  *See* Doc. 46, p. 6.  Thus, constrained by precedent and the fact that Defendants do not oppose the requested attorneys' fee, the Court cannot gainsay the parties' agreement on' fees.

      For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be approved as fair and reasonable.  The parties' Joint Motion for Approval of Settlement Agreement and to Dismiss (Doc. 46) is hereby **GRANTED**.  Defendants shall be liable for $5,125.94 in damages and $20,000 in attorneys' fees.  Plaintiffs' claims against Defendant are hereby **DISMISSED WITH PREJUDICE.**  The Court shall retain jurisdiction over the terms of the settlement agreement.

      **IT IS SO ORDERED** on this 16th day of February, 2021.

                                                                                                         _____
                                                    TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE